THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>ZACHARY D. ENTZ,<br><br>                Defendant. | CASE NO. CR22-0130-JCC<br><br>ORDER |

       This matter comes before the Court on Defendant's emergency motion for medical treatment (Dkt. No. 25), his supplement to that motion (Dkt. No. 30), and the parties' motions to seal medical records (Dkt. Nos. 26, 32). Having thoroughly considered the briefing and record, the Court DENIES Defendant's motions for treatment (Dkt. Nos. 25, 30) and GRANTS the parties' motions to seal (Dkt. Nos. 26, 32) for the reasons explained herein.

       Defendant seeks an order compelling the Bureau of Prisons ("BOP") to provide him with immediate medical treatment and/or temporary release so that he can seek his own treatment. (*See generally* Dkt. Nos. 25, 30.) But according to the records provided by the Government, the BOP has, in fact, provided Defendant with internal medical care and an assessment since his original motion. (*See* Dkt. No. 33 at 2–28, 133–143.) And Defendant admits that the BOP has also identified him as a candidate for outside urology care. (Dkt. No. 30 at 1–2.) Moreover, Defendant has not adequately demonstrated the Court's jurisdiction to compel the BOP to

provide Defendant the care he seeks and, even if he had, he fails to demonstrate the urgency necessary to waive exhaustion requirements. 42 U.S.C. § 1997e(a); *see Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993); *see also U.S. v. Luong*, 2009 WL 2852111, slip op. at 1 (E.D. Cal. 2009) ("the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in his criminal case.") In addition, Defendant's alleged failure to return to the residential reentry center following prior medical treatment, which is the basis of the current charge, (*see* Dkt. No. 11), counsels against release. Therefore, Defendant's motions for medical care and/or release from custody (Dkt. Nos 25, 30) are DENIED.

The parties move to maintain under seal exhibits containing Defendant's medical records (Dkt. Nos. 27, 33). While the public has a common law right to inspect and copy public records, including those from judicial proceedings, these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Given the nature of the exhibits, such is the case here. Accordingly, the parties' motions to seal (Dkt. Nos. 26, 32) are GRANTED and the Clerk is DIRECTED to maintain Docket Numbers 27 and 33 under seal.

DATED this 7th day of November 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE