THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>   v.<br>ZACHARY D. ENTZ,<br><br>              Defendant. | CASE NO. CR22-0130-JCC<br><br>ORDER |

      This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 52) and the Government's motion to seal an exhibit to its response brief (Dkt. No. 54). Having thoroughly considered the briefing and relevant record, the Court hereby DENIES Defendant's motion (Dkt. No. 52) and GRANTS the Government's motion (Dkt. No. 54) for the reasons explained herein.

      In June 2022, while completing a sentence for access device fraud and aggravated identity theft, Defendant failed to timely return to the residential reentry center ("RRC"). (*See* Dkt. No. 23 at 5–6.) Defendant was indicted for escape from custody and, approximately two months later, arrested by the King County Sheriff's Office after purchasing a vehicle using an allegedly fraudulently obtained check. (*See* Dkt. Nos. 11 at 1, 40-1 at 2–5.) Following a transfer to federal custody, Defendant pleaded guilty to an escape charge. (*See generally* Dkt. No. 23.) The Court understands resolution of state charges remains pending.

At the June 2023 sentencing hearing on the federal charge, Defendant explained to the Court that he had received inadequate medical treatment throughout his time in federal custody. (*See* Dkt. No. 44 at 2–3.) As a result, when he left the RRC to seek care for an emergent medical issue, initially with permission, he elected, without permission, to not return until he could resolve all medical issues. (*Id.*) He suggested that the 63–84 month sentence he is likely facing from the King County Superior Court for fraudulently obtaining the vehicle should be considered as a mitigating circumstance in fashioning a sentence for the escape charge. (*Id.* at 1.) For this and other reasons, Defendant asked the Court to impose a time-served sentence. (*Id.*)

The Court considered Defendant's request, along with the Government's recommended 27-month sentence, and imposed an 18-month sentence, to run consecutive to any sentence imposed by the King County Superior Court. (*See* Dkt. No. 49 at 2.) As the Court indicated at the time, the sentence was a product of the sentencing guidelines together with the factors described in 18 U.S.C. 3553(a), with due consideration for Defendant's extensive criminal history, his difficult childhood, his mental health and substance abuse history, and his physical and medical problems.

Defendant now moves *pro se* for compassionate release. (Dkt. No. 52.) He contends early release is warranted, given the inadequate medical care he continues to experience in federal custody, particularly in light of the King County charges, and the burden of coordinating his medical care between the two penal systems. (*See id.* at 1–4.) The Court may reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A). But only if the movant (a) exhausts administrative rights of appeal with the Bureau of Prisons, (b) would not present a danger to the community,[1] and (c) the reduction

---

[1] In *U.S. v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), the Ninth Circuit held that the Sentencing Commission's policy statement on a reduction in sentence is not presently "applicable" to a motion for compassionate release brought by a defendant directly to the Court. Accordingly, the Court is not required to consider whether Defendant would present a danger to the community. *Id.* Regardless, the Court may do so if it so chooses. *Id.*

sought is consistent with the factors articulated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines § 1B1.13.

Here, Defendant presents no evidence to support the notion that he satisfies the exhaustion requirement; nor does he address the § 3553(a) factors at all. (*See generally* Dkt. No. 52.) Both are mandatory, irrespective of whether his circumstances constitute an extraordinary and compelling reason for a reduction in sentence. *See U.S. v. Keller*, 2 F.4th 1278, 1281–84 (9th Cir. 2021) (a court may deny a motion for compassionate release, without considering whether the circumstances constitute an extraordinary and compelling reason for a sentence reduction, so long as a failure to exhaust or an application of the § 3553(a) factors preclude the relief sought). For each independent reason, the Court DENIES the motion for compassionate release.[2]

Separately, the Government moves to maintain under seal certain medical records attached as an exhibit to its response brief. (*See* Dkt. No. 54.) While the public has a common law right to inspect and copy public records, including those from judicial proceedings, these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Such is the case here. Therefore, the Court finds good cause to maintain this record under seal. The Government's motion to seal (Dkt. No. 54) is GRANTED. The Clerk is DIRECTED to maintain Docket Number 55 under seal.

The Clerk is further DIRECTED to mail a copy of this order to Defendant.

---

[2] The Court also notes that, even if Defendant had satisfied the exhaustion requirement and addressed the § 3553(a) factors, it would not have found the circumstances described by Defendant to constitute an extraordinary and compelling reason for a reduction in sentence. The Court considered just these circumstances in fashioning Defendant's sentence less than two months ago. (*See* Dkt. Nos. 40, 44, 48, 49.) And Defendant points to no meaningful change since then. Further, the Government has advised the Bureau of Prisons ("BOP") of the Court's prior request that it address Defendant's medical conditions. (*See* Dkt. No. 53 at 3 n.1.) In addition, the Court has recently separately inquired of BOP medical representatives with respect to Defendant, as well as other individuals complaining of inadequate medical care.

1    DATED this 18th day of July 2023.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE